UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:09CR104 ERW (AGF) |
| DOUGLAS BRAIDLOW, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pretrial motions filed by Defendant Douglas Braidlow. Pretrial matters were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). Defendant filed a motion for disclosure of favorable, exculpatory, and impeaching information (hereinafter, "Brady Motion") (Doc. #78); motion for production of memoranda relating to interviews and to require agents to preserve rough notes (Doc. #79); motion to reveal the identity of the confidential informant (Doc. #80); motion for disclosure pursuant to Rules 404(b) and 609 ("404(b) Motion") (Doc. #81); and motion to control pre-trial prejudicial publicity (Doc. #82). A hearing on Defendant's motions was held on March 5, 2009. The government was represented by Assistant United States Attorney Jeanette S. Graviss. Defendant was present and represented by his attorney, John M. Lynch.

Prior to the hearing, the parties were able to resolve the Brady motion and the 404(b) motion (Doc. Nos. 78 & 81), Defendant stating that based on the government's

representations, he believed he would receive all discovery to which he is entitled. At the hearing the parties also resolved Defendant's motion to disclose the confidential informant. Defendant agreed that disclosure would not be necessary based upon the government's representation that the informant was not to be an integral part of the prosecution. The government agreed that if the informant is going to be mentioned at trial, it will advise defense counsel and make any appropriate disclosures. At the hearing the parties also reached an agreement with respect to the motion to limit pretrial publicity. The government had no objection to entry of the order requested by Defendant, and agreed to instruct the agents not to speak to the media pre-trial regarding the facts of the investigation. The parties agreed, however, that any such limitation would not apply to future significant stages of the case, such as any plea or sentencing, and that the prosecution and/or agents would be free to speak to the media regarding such developments.

That leaves only Defendant's motion to preserve and produce rough notes. Defendant asserted that the production of rough notes was necessary, particularly as regards agents of the Drug Enforcement Administration ("DEA"), as Defendant believed that DEA agents had participated in interviews but that while reports of interviews had been produced by participating local law enforcement agents, no such reports were produced by DEA agents. In response, the government represented that it has already instructed the agents to preserve any rough notes. Further, the government stated that the lead agency in the case was the Forest Service, not the DEA. The Forest Service had

2

requested assistance from the DEA only because it lacked subpoena power, and the DEA had participated in the investigation to assist in that regard. As such, the Assistant United States Attorney (AUSA) was not aware of any reports generated by DEA, but agreed to confirm that fact.

The AUSA further stated that she had turned over all reports except those reports being withheld due to concern about the safety of witnesses. The government represented that it would turn over all reports prior to trial; that if concerns about safety abated, it would turn over any such additional reports 1-2 weeks before trial; and as to any remaining reports withheld, it would apply for an order regarding the disclosure date from the District Judge, with notice to defense counsel. Defendant did not object to this procedure with respect to any reports withheld due to safety concerns.

With respect to the disclosure of agent rough notes, the Eighth Circuit has indicated that it is a preferable practice that rough notes be retained, irrespective of whether they might be discoverable by the defendant. See United States v. Grunewald, 987 F.2d 531, 535 (8th Cir. 1993); United States v. Leisure, 844 F.2d 1347, 1361 n.10 (8th Cir. 1988). The government agreed to direct such retention, and has already done so. Defendant has made no showing, however, that such notes are required to be produced. See United States v. Wright, 540 F.3d 833, 841-2 (8th Cir. 2008) (holding agent interview notes not "statements" required to be produced under Jencks Act); United States v. Greatwalker, 356 F.3d 908, 911-12 (8th Cir. 2004) (holding agents' handwritten not required to be produced under Jencks Act and noting production under Brady v.

Maryland, 373 U.S. 83 (1963), required only if notes contain additional exculpatory information).

As such, Defendant's motion with regard to rough notes will be granted insofar as the United States Attorney is ordered to direct the investigating agents to retain any presently existing rough notes made during their investigation of the matters alleged in the indictment – an action the AUSA has already taken. The motion will be denied insofar as Defendant requests that the notes be provided to him at this time. If such notes constitute material required to be produced pursuant to 18 U.S.C. § 3500 or Rule 26.2 of the Federal Rules of Criminal Procedure, Defendant may request their production at the time of trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for disclosure of favorable, exculpatory, and impeaching information [Doc. #78] is **Denied as moot**.

**IT IS FURTHER ORDERED** that Defendant's motion for production of memoranda relating to interviews and to require agents to preserve rough notes [Doc. #79] is **Granted** insofar as the government shall instruct its agents to preserve any rough notes, but is otherwise **Denied**.

**IT IS FURTHER ORDERED** that Defendant's motion to reveal the identity of the confidential informant [Doc. #80] is **Denied as moot**, subject to the agreement of the parties set forth above.

**IT IS FURTHER ORDERED** that Defendant's motion for disclosure pursuant to Rules 404(b) and 609 [Doc. #81] is **Denied as moot**.

**IT IS FURTHER ORDERED**, based on the agreement of the parties, that Defendant's motion to control pre-trial prejudicial publicity [Doc. #82] is **Granted** to the extent that the United States Attorney shall instruct the agents to refrain from any further pretrial media disclosures related to the prosecution, but this Order shall not preclude the government from making appropriate media disclosures at the conclusion of the trial or in connection with any plea or sentencing.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 11th day of March, 2009.